# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM M. FRANKS, | Case No. 1:20-cv-00551-DAD-BAM (PC) |
| Plaintiff, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT |
| v. | |
| R.C. JOHNSON, et al., | |
| Defendants. | **THIRTY-DAY DEADLINE** |

Plaintiff Tom M. Franks ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint, filed on April 16, 2020, is currently before the Court for screening. (ECF No. 1.)

**I.      Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the

1

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at California State Prison, Los Angeles County in Lancaster, California. The events in the complaint allegedly arose in Stanislaus Superior Court. Plaintiff names the following defendants: (1) R.C. Johnson, Warden, Lancaster State Prison; (2) Stanislaus Superior Court Judge #8; and (3) Michael Sheid, Attorney.

Claim 1

In Claim 1, Plaintiff contends that there is a conflict between him and his attorney. Plaintiff alleges as follows:

> The attorney that was used for my PC 1405 hearing I have a conflict of Intress [sic] with. Due to filed ineffective assistance of counsel against him in my appeal from my criminal case in trial court. I have no contact with him because it's a conflict of Intress [sic] between the two of us. See exhibit 'A'

(ECF No. 1 at 3.) Plaintiff asserts that he was denied access to the courts for him to prove the evidence he was convicted on was not his and that he was denied new counsel. (Id.)

Claim 2

In Claim 2, Plaintiff contends that he was denied access to a hearing. He alleges: "Under P.C. 1405 I have a right to be at the hearing and I was denied access to the hearing. See exhibit

1  'B'."  (ECF No. 1 at 4.)

2  <u>Requested Relief</u>

3  Plaintiff requests that the Court grant him a new hearing with a new judge so that he can prove the DNA on the gun holster was not his.  Plaintiff wants to be present at the hearing and to be granted new counsel.  (ECF No. 1 at 5.)

6  <u>Exhibits to Complaint</u>

7  According to exhibits attached to the complaint, Plaintiff filed a motion to have counsel appointed to investigate and determine whether a motion to perform DNA testing pursuant to Penal Code Section 1405(b) lies.  The state superior court set a hearing for October 30, 2017, to determine whether appointment of counsel was appropriate and whether Plaintiff's trial counsel, or other counsel, should be appointed to represent him.  The state superior court also indicated that Plaintiff need not be transported for the hearing.  (ECF No. 1 at 10.)

On October 30, 2017, the superior court held a hearing on Plaintiff's motion.  Defendant Michael Scheid, conflict counsel, appeared on behalf of Plaintiff.  The state court denied the motion, finding insufficient evidence for Plaintiff's motion to appoint counsel for retesting DNA for failing to show that DNA testing is relevant to his assertion of innocence.  (ECF No. 1 at 9.)

Plaintiff appealed the decision, arguing ineffective assistance of counsel.  (ECF No. 1 at 6.)

**III.   Discussion**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983.  In an abundance of caution, and because he is proceeding pro se, Plaintiff will be granted leave to amend his complaint to the extent that he can do so in good faith.  To assist Plaintiff, the Court provides the pleading and legal standards that appear relevant to his claims.

**A. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Although Plaintiff's complaint is short, it is not a plain statement of his claims. As a basic matter, the complaint does not clearly state what happened, when it happened or who was involved. If Plaintiff files an amended complaint, it should be a short and plain statement of his claims, and must include factual allegations identifying what happened, when it happened and who was involved. Fed. R. Civ. P. 8.

**B.  Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff has identified three separate defendants, but he has not alleged what each defendant did or did not do that resulted in a violation of his constitutional rights.  In any amended complaint, Plaintiff should allege what each individual defendant did or did not do that caused the asserted deprivation.

**C.  DNA Evidence**

The crux of Plaintiff's complaint appears to be a challenge to the superior court's decision

denying his motion regarding DNA evidence. However, a plaintiff cannot state a cognizable Section 1983 claim by challenging or seeking review of the state court rulings denying requests for DNA evidence. Aguilar v. Superior Court of California, No. 1:19-cv-01802-NONE-EPG, 2020 WL 1974230, at *5 (E.D. Cal. Apr. 24, 2020), citing Skinner v. Switzer, 562 U.S. 521, 533, 536 (2011); Martinez v. Dist. Attorney of San Joaquin Cty., 2012 WL 1574818, at *3 (E.D. Cal. 2012) (finding claim challenging state court decision denying motions for DNA testing under California Penal Code § 1405 is not cognizable under section 1983).

### D. Judicial Immunity

To the extent Plaintiff is attempting to bring suit against the state superior court judge based on judicial rulings, he may not do so.  Absolute immunity is generally accorded to judges functioning in their official capacities. See Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir.2004). "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." Pierson v. Ray, 386 U.S. 547, 553–54 (1967). Judicial immunity "is an immunity from suit, not just from the ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991); see also Stump v. Sparkman, 435 U.S. 349, 356 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority."). Accordingly, Plaintiff's claims against the state superior court judge arising from judicial conduct are not cognizable.

### E. Appointed Attorney

Insofar as Plaintiff is attempting to bring a claim under Section 1983 against the attorney assigned to represent him, he may not do so.  To state a claim under Section 1983, Plaintiff must allege a deprivation of a right secured by the Constitution and laws of the United States "by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted).  Attorneys do not act under color of state law when they perform "a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Szijarto v.

5

Legeman, 466 F.2d 864 (9th Cir. 1972) (Attorney, whether retained or appointed, does not act "under color of state law" pursuant to § 1983). Accordingly, Plaintiff cannot state a cognizable Section 1983 claim against Defendant Scheid, his defense counsel.

### F. Habeas Corpus

To the extent Plaintiff is attempting to challenge the legality of his custody, he may not do so in a Section 1983 proceeding. When a prisoner is challenging the legality or duration of his custody, and the relief he seeks is immediate or speedier release, his sole federal remedy is habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

### IV. Conclusion and Order

For the reasons stated, Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the above-identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **August 6, 2020**         /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE