# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM M. FRANKS, | Case No. 1:20-cv-00551-DAD-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM |
| v. | |
| R.C. JOHNSON, et al., | |
| Defendants. | **FOURTEEN-DAY DEADLINE** |

Plaintiff Tom M. Franks ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, initiated this civil rights action under 42 U.S.C. § 1983 on April 16, 2020. (ECF No. 1.) On August 6, 2020, the Court screened Plaintiff's complaint and granted him leave to amend. (ECF No. 10.) Plaintiff's first amended complaint, filed on September 10, 2020, is currently before the Court for screening. (ECF No. 11.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

1  relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

2       A complaint must contain "a short and plain statement of the claim showing that the

3  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

4  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

5  conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

6  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken

7  as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores,

8  Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

9       To survive screening, Plaintiff's claims must be facially plausible, which requires

10  sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

11  for the misconduct alleged.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S.

12  Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted

13  unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the

14  plausibility standard.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

15  **II.    Plaintiff's Allegations**

16       Plaintiff is currently housed at California State Prison, Los Angeles County in Lancaster,

17  California ("Lancaster State Prison").  The events in the complaint allegedly arose in Stanislaus

18  County Superior Court.  Plaintiff names the following defendants: (1) R.C. Johnson, Warden,

19  Lancaster State Prison; (2) Judge Ricardo Cordova, Stanislaus County Superior Court; and (3)

20  Michael Schied, Conflict Attorney.

21       Claim 1

22       In Claim 1, Plaintiff contends that he was denied access to the court because Judge

23  Cordova knew that Plaintiff had "filed Ineffective Assistance of Counsel against Mr. Schied

24  because I filed it in his court."  (ECF No. 11 at 7.)  Plaintiff alleges as follows:

> Judge R. Cordova denied me access to my own hearing knowing that I had filed Ineffective Assistance of counsel on 8-2-16 in R. Cordova's court room.  So the Judge new it was a conflict of intress between me and Mr Schied.  So he denied me access to my hearing knowing if I can prove the DNA was not mine on the evidence found at the crime scene that I would be able to file for a new trial because the district attorney used the gun holster at trial and told the jury that the un holster belonged to me so I must have shot the victim!  I want DNA testing to be done on

> the gun holster so I can prove my DNA was never found on that gun holster. The judge has been mad at me since trial cause I was not charged for 2nd degree murder I got charged for volontary manslaughter because the DA told the Jury that I must have done the shooting because the gun holster belonged to me. So the judge told me I'm giving you enough time to think about what I did and gave me 39 yrs 8mth on a volontary manslaughter

(ECF No. 11 at 7-8) (unedited text.)

### Claim 2

In Claim 2, Plaintiff contends that Mr. Schied knew it was against the law to hear any of his cases after Plaintiff filed ineffective existence of counsel. Plaintiff alleges as follows:

> Mr Schied new very well that I filed ineffective assistance of counsel against him on 8-2-16 and he went ahead and held a hearing without me being present to defend myself. Between The judge and Mr Schied they don't want to see me win on my DNA Testing to be done because then it will prove who the gun holster belongs to and that will win me a new trial because the DA used the gun holster to convict me with. If I can get the DNA test done on the gun holster it will prove that the gun holster did not belong to me as the DA told the Jury it belonged to me.

(ECF No. 11 at 8) (unedited text.)

### Requested Relief

Plaintiff requests that the Court grant him a new hearing with a new judge and a new attorney to grant him DNA Testing to be done on the gun holster so it can prove who the shooter was. Plaintiff also wants to be present at the hearing and to be granted monetary damages. (ECF No. 11 at 9.)

### Exhibits to Complaint

According to exhibits attached to the complaint, Plaintiff "filed a motion to have counsel appointed to investigate and determine whether a motion to perform DNA testing pursuant to Penal Code Section 1405(b) lies." (ECF No. 11 at 13.) Stanislaus County Superior Court Judge Cordova set a hearing for October 30, 2017, to "determine whether appointment of counsel is appropriate and whether [Plaintiff's] trial counsel, or other counsel, should be appointed to represent him in [the] matter." (Id.) Judge Cordova also found that Plaintiff need not be transported for the hearing. (Id.)

On October 30, 2017, Stanislaus County Superior Court Judge Cordova held a hearing on Plaintiff's motion under Penal Code Section 1405(b). (ECF No. 11 at 14.) Michael Scheid,

3

identified as "Conflict two, Attorney," appeared at the hearing on behalf of Plaintiff, and counsel presented arguments. (Id.) Judge Cordova denied the motion, finding "insufficient evidence to [Plaintiff's] motion to appoint counsel for retesting DNA for failing to show that DNA testing is relevant to his assertion of innocence." (Id.)

### III. Discussion

### A. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff fails to link Defendant Johnson to any alleged constitutional violation. Indeed, Plaintiff's amended complaint does not include any allegations naming Defendant Johnson or otherwise alleging what Defendant Johnson did or did not do that resulted in a violation of Plaintiff's constitutional rights. Despite being provided with the relevant pleading requirement, Plaintiff has been unable to cure this deficiency.

### B. DNA Evidence

The crux of Plaintiff's complaint appears to be a challenge to the superior court's decision denying his motion under Penal Code Section 1405 regarding DNA evidence. However, a plaintiff cannot state a cognizable Section 1983 claim by challenging or seeking review of the state court rulings denying requests for DNA evidence. Aguilar v. Superior Court of California, No. 1:19-cv-01802-NONE-EPG, 2020 WL 1974230, at *5 (E.D. Cal. Apr. 24, 2020), citing

Skinner v. Switzer, 562 U.S. 521, 533, 536 (2011); Martinez v. Dist. Attorney of San Joaquin Cty., 2012 WL 1574818, at *3 (E.D. Cal. 2012) (finding claim challenging state court decision denying motions for DNA testing under California Penal Code § 1405 is not cognizable under section 1983). Plaintiff asserts a challenge to or seeks review of the state court rulings denying his requests for DNA evidence. However, Plaintiff is precluded from raising such claims in this federal civil rights action. This deficiency cannot be cured by amendment.

### C. Judicial Immunity

Plaintiff is attempting to bring suit against Stanislaus County Superior Court Judge Cordova based on judicial rulings in Plaintiff's criminal case, including the direction that Plaintiff need not be transported to a hearing. However, absolute immunity is generally accorded to judges functioning in their official capacities. See Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir.2004). "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." Pierson v. Ray, 386 U.S. 547, 553–54 (1967). Judicial immunity "is an immunity from suit, not just from the ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991); see also Stump v. Sparkman, 435 U.S. 349, 356 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority."). Accordingly, Stanislaus County Superior Court Judge Cordova is immune from liability arising from his judicial rulings. Plaintiff has been unable to cure this deficiency.

### D. Appointed Attorney

Insofar as Plaintiff is attempting to bring a claim under Section 1983 against the attorney assigned to represent him, Defendant Scheid (erroneously named as "Schied"), he may not do so. To state a claim under Section 1983, Plaintiff must allege a deprivation of a right secured by the Constitution and laws of the United States "by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). Attorneys do not act under color of state law when they perform "a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a

defendant in a criminal proceeding."); Szijarto v. Legeman, 466 F.2d 864 (9th Cir. 1972) (Attorney, whether retained or appointed, does not act "under color of state law" pursuant to § 1983).  Accordingly, Plaintiff cannot state a cognizable Section 1983 claim against Defendant Scheid, defense counsel representing Plaintiff in a criminal proceeding.

### E.  Habeas Corpus

To the extent Plaintiff is attempting to challenge the legality of his custody, he may not do so in a Section 1983 proceeding.  When a prisoner is challenging the legality or duration of his custody, and the relief he seeks is immediate or speedier release, his sole federal remedy is habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

### IV.  Conclusion and Recommendation

Plaintiff's first amended complaint fails to state a cognizable Section 1983 claim for relief.  Despite being provided with relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint by amendment, and thus further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed based on Plaintiff's failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 25, 2020**          /s/ Barbara A. McAuliffe            _
                                         UNITED STATES MAGISTRATE JUDGE